# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

No. 9:11CR13

United States of America

v.

Rachel Lindsey Spann

                                         Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 4, 2011, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on June 11, 2010, before The Honorable Janice Graham Jack, U.S. District Judge of the Southern District of Texas, after pleading guilty to the offense of attempting to export a stolen motor vehicle, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Defendant was subsequently sentenced to 10 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions: GED classes; mental health treatment; inpatient drug treatment; nighttime residence restrictions; prohibition from contact with any organized gang members or participation in gang-related activities; cooperation wit the government; $12,875.53 in restitution; and a $100 special assessment.

## II. The Period of Supervision

On November 24, 2010, defendant completed her period of imprisonment and began service of the supervision term. A request for violator's warrant was filed on February 8, 2011 in the Southern District of Texas alleging defendant violated her conditions of supervision by absconding from the inpatient facility in which she was residing.

Jurisdiction of this case was transferred from the Souther District of Texas to the Eastern District of Texas on February 17, 2011, and assigned to U.S. District Judge Ron Clark. The petition was amended on March 1 2011 after new information was received that defendant was continuing to associate with members for the Aryan Brotherhood of Texas in violation of her conditions of supervised release. Defendant was subsequently arrested on the revocation

warrant and appeared before U.S. Magistrate Judge Keith Giblin. During the court proceedings, it was determined that defendant would benefit from placement in a residential reentry center and she agreed to have her conditions modified to allow such placement. On March 11, 2011, defendant's conditions of supervision were modified to include a 180 day placement in a residential reentry center, and she arrived on April 6, 2011 to begin her term.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 4, 2011. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Standard Condition: | | Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 2. Standard Condition: | | Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. |
| 3. Mandatory Condition: | | Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. |
| 4. Special Condition: | | Defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days. The placement will begin as instructed by the U.S. Probation Officer, and the defendant shall remain in custody |

pending the placement at the facility. The defendant shall observe the rules of that facility.

As grounds, the petition alleges that: 1. Defendant was advised on April 15, 2011 by U.S. Probation Officer Budjenska that she was on telephone and visitation restrictions until further notice. Defendant used a telephone to contact her mother and advise her of the restrictions. Initially, defendant would not admit to using a telephone; however, she eventually admitted the use of the phone, but has refused to identify the source of the phone. 2. On April 15, 2011, a recipe for making methamphetamine was found in defendant's personal papers. The recipe was written on the back of a Liberty County Jail inmate handbook. 3. On April 15, 2011, numerous letters to defendant from Robert Sheats, a convicted felon and a member of the Aryan Brotherhood of Texas, were found in defendant's personal papers. Additionally, defendant was found in possession of a picture of Robert Sheats. Defendant also had a letter from James Hollowell, aka Cowboy from Hell, a convicted felon and a member of the Aryan Brotherhood of Texas, and a letter from Brian Keaton, a convicted felon and currently a federal inmate. 4. On April 15, 2011, during a person search of defendant and the manilla package she was carrying, a package of cigarettes were found at the County Rehabilitation Center in Tyler, Texas.

### IV. Proceedings

On May 20, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced a partial agreement. Defendant agreed to plead "true" to the allegation that she violated a standard condition of supervised release by associating with persons convicted of a felony without permission to do so by the probation officer. In exchange for defendant's plea of "true," the government agreed not to proceed with remaining alleged violations of supervised release conditions. At the revocation hearing, defendant did in fact plead "true" to such allegation.

The parties disagreed regarding an appropriate sanction for the admitted violation. Counsel for the United States argued for revocation and a sentence of 14 months, to be followed by an additional term of supervised release for 22 months. This argument was premised on defendant's repeated refusals to adhere to conditions of supervision despite having been afforded a second chance to comply. Defendant's counsel, however, argued that defendant's violation was minor and technical, and that defendant has a long history of mental illness. These circumstances, counsel suggested, do not warrant a maximum revocation sentence.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony;

therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by associating with persons convicted of a felony without permission to do so by the probation officer, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and defendant is required to serve a term of imprisonment, the court may include a requirement that defendant be placed on a term of supervised release after imprisonment. Under 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2), the length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than three years.

According to U.S.S.G § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any

such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As such, defendant had 151 days left of community confinement. Further, defendant owes a $100 mandatory special assessment as well as $12,875.53 in restitution.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

### VI. Application

Defendant pled "true" to the allegation that she violated a standard condition of supervised release by associating with persons convicted of a felony

without permission to do so by the probation officer. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has considered carefully each of the factors listed in Title 18, United States Code, sections 3553(a) and 3583. Counsel for the United States persuasively argues that revocation is warranted due to defendant's repeated violations, and that an additional period of supervised release is appropriate given defendant's history and unpaid restitution obligation. On the other hand, counsel for defendant convincingly argues that the admitted infraction is minor and technical, and that other extenuating circumstances make a maximum revocation sentence too harsh and unjust. Accordingly, the undersigned concludes that revocation and a term of incarceration on the lower end of the range with supervised release to follow appropriately addresses defendant's violation. A term of 3 months imprisonment plus 151 days of unserved confinement with 22 months of supervised release appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by associating with persons convicted of a felony without permission to do so by the probation officer, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 3 months plus 151 days of unserved confinement for a total of 8 months imprisonment.

4. Upon release of imprisonment, defendant should be placed on supervised release for 22 months. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

   a. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring her ability to pay restitution.

   b. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

   c. Defendant shall pay restitution totaling $12,875.53 to the victim listed in the "Victim Impact" section of the Presentence Report. The court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances pursuant to 18 U.S.C. §3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt.

> Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 SE Loop 323, #287, Tyler, Texas 75701. Interest is waived.

d. Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

e. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the court has been paid in full.

f. Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the court has been paid in full.

g. Defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.

h. Defendant shall not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance.

i. Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

j. Defendant shall not affiliate with any organized gang recognized by law enforcement agencies and shall not participate in gang-related activities. Defendant shall not associate with any gang

members directly or indirectly, including any communications, i.e. letters, telephone, internet, email, or other social media, such as Facebook, Myspace, or twitter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __24__ day of May, 2011.

_____
Earl S. Hines
United States Magistrate Judge